UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
UNITED STATES OF AMERICA

v.

ANTOINE COOPER,
             Defendant.
--------------------------------------------------------------x

**ORDER**

23 CR 75 (VB)

       Pending before the Court is defendant Antoine Cooper's motion for a reduction of his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 821 to the Sentencing Guidelines. (Doc. #18). Amendment 821 took effect on November 1, 2023, and applies retroactively in this case.

       For the reasons set forth below, the motion is DENIED because Cooper is ineligible for a reduction of his term of imprisonment.

       On July 6, 2023, Cooper was sentenced principally to a term of imprisonment of 30 months on his guilty plea to possession with intent to distribute crack cocaine.[1]

       At the time of sentencing, the applicable guideline range was 87-108 months' imprisonment, based on a final offense level of 27 and a criminal history category of III. Cooper had 5 criminal history points, including 2 "status points" for committing the offense while under a criminal justice sentence, namely, a term of supervised release imposed in case no. 12-cr-321 (VB).

       Part A of Amendment 821 amended Guidelines Section 4A1.1 by eliminating the 2 status points a defendant receives for committing the offense while under a criminal justice sentence, such as supervised release, so long as the defendant otherwise has less than 7 criminal history points. As a result, Cooper now has 3 criminal history points and is in Criminal History Category II, such that his amended guideline range is 78-97 months.[2]

       However, the law does not permit a court to reduce a defendant's term of imprisonment to a term less than the minimum of the amended guideline range. See 18 U.S.C. § 3582(c);

---

[1] Cooper was also sentenced to 8 months' imprisonment for violation of supervised release in case no. 12-cr-321 (VB), to run consecutively to the 30-month sentence imposed in the instant case. That sentence is not affected by Amendment 821.

[2] Part B of Amendment 821, which created a new Section 4C1.1 with respect to defendants with zero criminal history points does not apply because Cooper does not have zero criminal history points (contrary to the assertion in his motion).

1

U.S.S.G. § 1B1.10(b)(2)(A) and Application Note 3.[3]  Here, because the term of imprisonment imposed (30 months) is well below the minimum of the amended guideline range (78 months), Cooper is not eligible for a reduction of his term of imprisonment.

Accordingly, Cooper's motion for a reduction of sentence is DENIED.

Chambers will mail a copy of this Order to defendant at the following address:

Antoine Cooper, Reg. No. 66767-054
FCI Fort Dix
Federal Correctional Institution
P.O. Box 2000
Joint Base MDL, NJ  08640

Dated: April 9, 2024
        White Plains, NY

SO ORDERED:

*[signature]*

Vincent L. Briccetti
United States District Judge

---

[3] An exception to this requirement exists when the original term of imprisonment was below the guideline range due to a government motion based on the defendant's substantial assistance to authorities.  U.S.S.G. § 1B1.10(b)(2)(B).  That exception is not applicable here.